UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RICHIE E. MAYES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 16-405-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 18, 2016, Petitioner Richie Mayes was indicted for various charges in the Commonwealth of Kentucky, Fayette Circuit Court. [Record No. 1, p. 1] Mayes asserts that, the following day, he filed a *pro se* motion "for [a] fast and speedy trial." [*Id*. at 2] He further states that the trial court has failed to honor his right to a speedy trial. [*Id*.] Based on these circumstances, Mayes has filed a *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2254. [*Id*.] As relief, he requests that the Commonwealth's "claim" against him be dismissed and that he be "discharged from custody." [*Id*.] Consistent with local practice, Mayes's § 2254 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Judge Robert Wier has recommended that Mayes's § 2254 motion be denied. [Record No. 4]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects

to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In the present case, more than 14 days have passed and neither party has filed objections to the Magistrate Judge's Recommended Disposition. *See id.* Nevertheless, having examined the record and having made a *de novo* determination, the undersigned agrees with the Magistrate Judge's Recommended Disposition.

As the Magistrate Judge noted, 28 U.S.C. § 2254 requires that a petitioner be "in custody pursuant to the judgment of a State court" before bringing a claim under that provision. Absent a state court judgment placing a petitioner in custody, a petitioner cannot maintain a petition under § 2254. *Duncan v. Walker*, 121 S. Ct. 2120, 2126-27 (2001). Indeed, absent a judgment placing him in custody, there is no conviction or sentence for the Petitioner to attack through a § 2254 petition. *See Maleng v. Cook*, 109 S. Ct. 1923, 1925 (1989) (holding that a "habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). Because no judgment has been entered against him at this time, Mayes is not in custody pursuant to a state court Judgment as required by § 2254 and he cannot maintain a § 2254 petition.

Additionally, Mayes has failed to satisfy the exhaustion requirement. A petitioner is not permitted to seek federal habeas relief under § 2254 until he has either exhausted available state remedies or demonstrated their inadequacy. 28 U.S.C. § 2254(b). As a result, a petitioner is required to "use the State's established appellate review procedures before he presents his claims to a federal court." *O'Sullivan v. Boerckel*, 119 S. Cut. 1728, 1732 (1999). As the Magistrate Judge noted, Mayes has failed to exhaust his available state remedies since he has failed to pursue his claims in the Kentucky appellate court system. Accordingly, Petitioner

has failed to exhaust his state remedies, thereby failing to satisfy another prerequisite to filing a petition under § 2254.[1]

Although Mayes cannot maintain a § 2254 claim due to his not being in custody pursuant to a State court judgment, he could potentially bring a 28 U.S.C. § 2241 claim because this provision allows a prisoner to file a petition where he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, while a petitioner may bring a § 2241 claim during pretrial proceedings, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981). In *Atkins*, the court specifically noted the problems with a federal court dismissing a state court case on the basis of a speedy trial claim, given that this relief "could not be more disruptive of pending state actions." *Id.* at 546. Accordingly, the court stated that "an attempt to dismiss an indictment or otherwise prevent a prosecution . . . is normally not attainable by way of pretrial habeas corpus." *Id*. at 547. Here, Mayes asks this Court to dismiss the indictment pending against him, relief that would be disruptive of the state proceedings against him. Accordingly, in the interests of comity, it is not appropriate to grant the relief that he seeks under § 2241.

As is true of § 2254, § 2241 requires that petitioner exhaust their state court remedies before being permitted to bring a § 2241 claim. This requirement is no less applicable "when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a

---

[1] As discussed more fully in the Magistrate Judge's Recommended Disposition, Mayes has also failed to comply with a number of requirements in the completion of his § 2254 form, causing further issues with his petition.

speedy trial had been violated." *Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985). As previously noted, Mayes has not exhausted his state court remedies. This is an additional reason that prevents him from seeking relief under § 2241 at this time.

Finally, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a Certificate of Appealability. Mayes has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 4] is **ADOPTED** and **INCORPORATED** by reference.

2. Petitioner Mayes's motion to vacate [Record No. 1] is **DENIED** and his claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Judgment in favor of the United States shall issue this date.

This 5th day of December, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge